IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case Number: CR-14-234-D |
| | ) | |
| COLT DALTON GIBSON, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant's Motion to Determine Competency pursuant to 18 U.S.C. § 4241(a). The Motion was made by oral presentation to the Court on January 7, 2015, during a hearing originally scheduled for purposes of Defendant's Change of Plea. Also presented to the Court for consideration, although not included in the case file, were copies of the evaluation of Defendant by Dr. Ray Hand. Dr. Hand's evaluation and the statements of Defendant's counsel raise concerns about Defendant's mental competency and Defendant's ability to knowingly and voluntarily enter a plea of guilty. The government does not oppose the motion.

Upon careful consideration, the Court finds reasonable cause to believe that Defendant Colt Dalton Gibson may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

IT IS THEREFORE ORDERED that Defendant's Motion to Determine Competency is GRANTED, and the Court further orders as follows:

1. Defendant Colt Dalton Gibson is committed to the custody of the Attorney General, pursuant to 18 U.S.C. § 4247(b), for placement in a suitable facility to conduct a psychiatric or psychological examination as authorized by 18 U.S.C. § 4241(b).

2.      A psychiatric or psychological report shall be prepared by the examiner pursuant to 18 U.S.C. § 4247(c), and shall be submitted to the Court with copies provided to counsel for Defendant Colt Dalton Gibson and to the attorney for the government.  The report shall include the examiner's opinions as to diagnosis, prognosis and, pursuant to 18 U.S.C. § 4241, whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense as required by 18 U.S.C. § 4247(c)(4).  The report shall also include (i) Defendant's history and present symptoms, (ii) a description of the psychiatric, psychological, and medical tests that were employed and their results, and (iii) the examiner's findings as required by 18 U.S.C. § 4247(c)(1)-(3).

3.      The United States Marshal's Service shall transport Defendant Colt Dalton Gibson to the designated facility for the examination and shall return Defendant to this judicial district following the examination.

4.      The United States Probation Office shall make available to the designated facility any records, reports or other documents in its possession pertaining to Defendant that may be requested by the examiner.

5.      The duration for which Defendant Colt Dalton Gibson shall be committed pursuant to this order shall be 30 days, as set forth in 18 U.S.C. § 4247(b), provided that the duration of the commitment may be extended for a time period not to exceed 15 days, upon application of the director of the facility in which Defendant is placed and a showing of good cause that additional time is necessary to observe and evaluate Defendant for the purposes set forth in this Order.

6. Any periods of delay resulting from these proceedings are excluded from the time computation under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(1)(A).

IT IS SO ORDERED this 7th day of January, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE